**AVEK IP, LLC**
Allen Justin Poplin (pro hac vice)
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
jpoplin@avekip.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Shenzhen Jing Cheng DianZi Keji YanFa Company Limited,<br><br>Plaintiff,<br><br>v.<br><br>Spectrum Products, LLC d/b/a Eureka Air,<br><br>Defendant. | Case No.: CV-26-_______<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Shenzhen Jing Cheng DianZi Keji YanFa Co. Ltd. (d/b/a Kohuipu) ("Plaintiff"), by and through undersigned counsel, to submit the following for its Complaint against Defendant Spectrum Products LLC (d/b/a Eureka Air) ("Defendant").

## NATURE OF THE ACTION

1. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. for declaratory judgment of non-infringement and invalidity of U.S. Patent Number 12,000,616 ("the '616 Patent") (attached as Exhibit A).

2. Plaintiff brings this declaratory judgment action in view of the actual controversy that Defendant has created by asserting the '616 Patent against Plaintiff's products through the filing of intellectual property complaints alleging patent infringement with Amazon.com, thereby facilitating the takedown of Plaintiff's products and causing harm to Plaintiff by inhibiting its ability to sell its products to customers within the United States.

## THE PARTIES

3. Plaintiff is a Chinese corporation with a principal place of business at Room 622, No. 1022, Jincheng Road, Heyi Community, Shajing Sub-district, Bao'an District, Shenzhen City, Guangdong Province, China.

4. On information and belief, Defendant Spectrum Products LLC is an Arizona Limited Liability Company with a principal place of business at 1908 W. Nopal Circle, Mesa, Arizona 85202.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq.

6. Moreover, this Court may properly exercise subject matter jurisdiction over this Declaratory Judgment action because, as more fully set forth below, Defendant's enforcement efforts have caused an actual and concrete controversy between the parties.

7. Upon information and belief, Defendant is a resident of and maintains a principal place of business within this District. As such, venue is proper under 28 U.S.C. § 1391(b)(1).

8. This Court may properly exercise personal jurisdiction over Defendant at least because Defendant is physically present and maintains a principal place of business within this District.

## STATEMENT OF FACTS

### *The Patent-in-Suit*

9. The '616 Patent, entitled "Air deflector system," issued on June 4, 2024. Attached as Exhibit A is a true and correct copy of the '616 Patent.

10. The '616 Patent claims priority to U.S. Patent No. 11,703,250, which in turn has a priority date of March 9, 2021.

11. Defendant is the sole Assignee and Applicant listed on the face of the '616 Patent, and no assignments have been recorded with the United States Patent and Trademark Office. As such, upon information and belief, Defendant owns all right, title, and interest in the '616 Patent.

***Plaintiff's Accused Products***

12. Until recently, Plaintiff sold airflow deflection devices ("Plaintiff's Products") through its webstore, HOHUIPU, on Amazon.com ("Amazon"). Generally, Plaintiff's Products are used by magnetically attaching them to an air vent in order to redirect airflow from the vent.

13. Plaintiff sold its products in bundles of varying quantity, including bundles of two under Amazon Standard Identification Number (ASIN) B0B5RJPMCS, bundles of three under ASIN B0C7QXCLTY, and bundles of four under ASIN B0B28YP22V. An illustrative product image drawn from Plaintiff's listing under ASIN B0B5RJPMCS is reproduced below:



14. On December 11, 2025, Plaintiff received correspondence from Amazon notifying it that its product under all three of the above-listed ASINs had been removed due to an intellectual property complaint filed by Defendant asserting its alleged rights in the '616 Patent.

15. As of the December 11, 2025 notice, Amazon possessed the Plaintiff's Products in the quantities of: 380 three-item bundles, 1,314 two-item bundles, and 610 four-item bundles. Amazon indicated that unless the intellectual property complaint was resolved, it would destroy its inventory of Plaintiff's Products.

16. On January 22, 2026, Plaintiff filed an action for declaratory judgment against Defendant, seeking declarations that Plaintiff's Products did not infringe the '616 Patent and that the '616 Patent was invalid. The action was captioned Case No. 2:26-cv-00445-CDB.

17. Plaintiff also contacted Amazon's seller support manager regarding the removal of Plaintiff's Products. Amazon did not reinstate the listings until Defendant withdrew its complaint in February 2026.

18. After Amazon reinstated the listings, Plaintiff voluntarily dismissed the declaratory judgment action without prejudice on April 21, 2026.

19. Independent from the infringement allegations, Plaintiff redesigned its products in the spring of 2026 by adding a bracket to the magnet to secure the magnet to the deflector. The original airflow deflection devices ("Plaintiff's Original Products") include a rectangular magnet having an exposed surface as shown below:



19. The redesigned airflow deflection devices ("Plaintiff's Redesigned Products") include a rectangular magnet that, instead of having an exposed surface, is covered by a bracket which secures the magnet to the deflector as shown below:



20. Because of the similarity between Plaintiff's Original Products and Plaintiff's Redesigned Products, both were sold under the same ASINs.

21. On May 7, 2026, Plaintiff received another correspondence from Amazon notifying it that its product under all three of the above-listed ASINs had been removed again due to another intellectual property complaint filed by Defendant reasserting its alleged rights in the same '616 Patent.

22. As of the May 7, 2026 notice, Amazon had approximately 1,500 units of the original product and 200 units of the redesigned product.

23. At the time of this filing, Amazon still has an inventory of Plaintiff's Products including approximately 1,500 units of Plaintiff's Original Products and 200 units of Plaintiff's Redesigned Products. Plaintiff's Products are still removed from listing on Amazon.

24. Defendant's repeated actions have tarnished Plaintiff's reputation, caused Plaintiff to lose profit, and have created a real and concrete controversy between the parties necessitating court intervention to clarify the parties' respective rights and which is ripe for adjudication.

***Plaintiff's Original Products do not infringe***

25. By way of example, and without limitation, Plaintiff's Original Products do not infringe any claim of the '616 Patent because they plainly lack at least one element of each independent claim therein.

26. Claim 1 of the '616 Patent provides as follows:

> An air deflector comprising:
>
> a first sidewall and a second sidewall;
>
> a magnet retainer extending from the first sidewall, the magnet retainer comprising a first retainer wall and a second retainer wall;
>
> a magnet configured to be positioned between the first retainer wall and the second retainer wall, the magnet comprising a largest planar surface and an exposed surface opposite the largest planar surface;
>
> wherein the first retainer wall and the second retainer wall each comprise a ledge configured to directly couple to the magnet;
>
> wherein the exposed surface is configured to form a magnetic bond with and face an external surface when the magnet is coupled between the first retainer wall and the second retainer wall.

*See* Exhibit A at 13.

27. Accordingly, Claim 1 requires that a device must include a magnet having "a largest planar surface," i.e., a planar surface that is larger than all other planar surfaces on the magnet. This construction is supported by the figures of the '616 Patent, which depict a magnet (10) having a single largest planar surface (A) opposite an exposed surface having a smaller surface area (B):




FIG. 15

*See* Exhibit A at 8 (Plaintiff's annotations in blue).

28. This construction of Claim 1 is also consistent with the patent examiner's construction of the claims during prosecution of the '616 Patent. In the examiner's Reasons for Allowance of the claims of the '616 Patent, he reasoned that the prior art did not teach toward a magnet comprising a largest planar surface and an exposed surface opposite the largest planar surface. Instead, the examiner wrote that "[a]ll known magnetic connections that have a largest planar surface have that surface as the connection point for the apparatus so that the strongest magnetic bond is formed." Exhibit B at 17.

29. As illustrated in the photograph below, Plaintiff's Original Products comprise a pair of magnets that are each shaped like a rectangular prism. These rectangular prisms are defined by six faces, which can be divided into three different sizes— long edge faces (A), short edge faces (B), and top and bottom faces (C):




30. As shown in Exhibit C hereto, surface C (as marked in ¶ 29 above) are identical in surface area to each other.

31. As shown below, the "exposed surface" of the magnet in Plaintiff's Original Product is one of surface type C (i.e., a top or bottom face).



32. Thus, the exposed surface and the surface opposite the exposed surface (both defined as surface C) are the same width, length, and surface area.

33. Accordingly, because the magnet used within the Plaintiff's Original Products does not have a "largest planar surface," Plaintiff's Original Products do not meet the limitation of

Claim 1 requiring a "magnet comprising a largest planar surface and an exposed surface opposite the largest planar surface[.]" Plaintiff's Original Products therefore do not infringe Claim 1 or any claim that depends therefrom (i.e., Claims 2-9).

34. Independent Claim 10 similarly requires that "the magnet comprises a largest planar surface and an exposed surface opposite the largest planar surface[.]" Exhibit A at 14 (emphasis added). As discussed above regarding Claim 1, Plaintiff's Original Products do not include a largest surface opposite an exposed surface, and they therefore do not infringe Claim 10 or any claim that depends therefrom (i.e., Claims 11-14).

35. Finally, Independent Claim 15, which together with Claim 1 and Claim 10 account for all independent claims in the '616 Patent, requires a "first magnet retainer [] configured to secure a magnet in an orientation having a largest planar surface opposite an exposed surface, the exposed surface configured to contact a vent grille and secure the air deflector to the vent grille" (emphasis added). Because this claim, too, requires a magnet having a largest planar surface opposite an exposed surface in order to infringe, and because Plaintiff's Original Products lack a magnet configured as such, Plaintiff's Original Products do not infringe Claim 15 or any claim that depends therefrom (i.e., Claims 16-20).

36. Without infringement of an independent claim, there can be no finding of infringement. *See Monsanto Co. v. Sygenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2007). Because Plaintiff's Original Products do not infringe the independent claims within the '616 Patent for at least the reasons set forth above, Plaintiff's Original Products cannot be found to infringe the '616 Patent as a whole.

***Plaintiff's Redesigned Products do not infringe***

37. By way of example, and without limitation, Plaintiff's Redesigned Products do not infringe any claim of the '616 Patent because they plainly lack at least one element of each independent claim therein.

38. As explained in ¶ 26 above, Claim 1 of the '616 Patent requires that a device must include a magnet having "a largest planar surface," i.e., a planar surface that is larger than all other planar surfaces on the magnet.

39. Plaintiff's Redesigned Products comprise a pair of magnets identical to the magnets in Plaintiff's Original Products.

40. As explained in detail above, the magnets used in the Plaintiff's Redesigned Products are each shaped like a rectangular prism. The top and bottom faces (C) are identical in length, width, and surface area. See Exhibit C.




41. Further, the Plaintiff's Redesign Products now includes, when assembled, a metal bracket over the magnet securing the magnet to the air deflector, as shown below. Now, instead of the magnet having an exposed surface, the bracket is between the magnet and an external metal surface of the air-conditioner panel (i.e., vent grille).



42. The Plaintiff's Redesign Products does not include a magnet having "an exposed surface."

43. Accordingly, because there is no "largest planar surface" of the magnets within Plaintiff's Redesigned Products, Plaintiff's Redesigned Products do not meet the limitation of Claim 1 requiring a "magnet comprising a largest planar surface and an exposed surface opposite the largest planar surface[.]" Plaintiff's Redesigned Products therefore do not infringe Claim 1 or any claim that depends therefrom (i.e., Claims 2-9).

44. Independent Claim 10 similarly requires that "the magnet comprises a largest planar surface and an exposed surface opposite the largest planar surface" and "the exposed surface is configured to contact a vent girlle." Exhibit A at 14 (emphasis added).

45. As discussed above in ¶ 39 regarding Claim 1, the magnet of Plaintiff's Redesigned Products does not contact the external metal surface of the air conditioner panel. Rather, the Plaintiff's Redesigned Products magnet is contact with the metal bracket.

46. Therefore Plaintiff's Redesign Product does not infringe Claim 10 or any claim that depends therefrom (i.e., Claims 11-14).

47. Finally, Independent Claim 15, which together with Claim 1 and Claim 10 account for all independent claims in the ’616 Patent, requires a “first magnet retainer [] configured to secure a magnet in an orientation having <u>a largest planar surface</u> opposite an exposed surface, the exposed surface configured to <u>contact a vent grill</u>.” (emphasis added). Because this claim, too, requires a magnet having a largest planar surface and an exposed surface configured to contact a vent grille in order to infringe, and because Plaintiff’s Redesigned Products lack a magnet configured as such, Plaintiff’s Redesigned Products do not infringe Claim 15 or any claim that depends therefrom (i.e., Claims 16-20).

48. Without infringement of an independent claim, there can be no finding of infringement. *See Monsanto Co. v. Sygenta Seeds, Inc.*, 503 F.3d 1352, 1359 (Fed. Cir. 2007). Because Plaintiff’s Redesigned Products do not infringe the independent claims within the ’616 Patent for at least the reasons set forth above, Plaintiff’s Redesigned Products cannot be found to infringe the ’616 Patent as a whole.

***Defendant falsely accused Plaintiff’s Products of infringement***

49. On information and belief, Defendant purchased one of Plaintiff’s Original Products on or about November 19, 2025 for the purpose of conducting an infringement analysis of the same.

50. After completing its analysis, Defendant undertook the enforcement actions on or about December 11, 2025 outlined above.

51. As set forth above, Plaintiff’s Original Products plainly do not meet a key limitation of the ’616 Patent.

52. Defendant knew or should have known after completing its infringement analysis that Plaintiff’s Original Products do not infringe any claim of the ’616 Patent.

53. Plaintiff was forced to bring the suit having Case No. CV-26-00445-PHX-DJH as a direct result of Defendant's false accusations and enforcement efforts.

54. After Amazon reinstated the Plaintiff's ASINs, Plaintiff voluntarily dismissed Case No. CV-26-00445-PHX-DJH on April 21, 2026.

55. As set forth above, Plaintiff's Redesigned Products also plainly do not meet at least one key limitation of the '616 Patent.

56. Defendant knew or should have known after completing an infringement analysis that Plaintiff's Redesigned Products do not infringe any claim of the '616 Patent.

57. Defendant nevertheless renewed its enforcement actions on or about May 7, 2026 as outlined above.

58. Plaintiff was forced to bring this suit as a direct result of Defendant's false accusations and enforcement efforts.

59. Accordingly, this is an "exceptional case" for the purposes of 35 U.S.C. § 285, and an award of attorney's fees is warranted.

***The '616 Patent is invalid***

60. To the extent Defendant asserts a construction of the claims of the '616 Patent so broad as to capture Plaintiff's Original Products or Plaintiff's Redesigned Products, then the '616 Patent is invalid for at least failure to meet the requirement of non-obviousness set forth at 35 U.S.C. § 103 because its subject matter would have been anticipated and/or obvious to a person having ordinary skill in the art in view of well-known elements and prior art publicly available long before the '616 Patent's priority date of March 9, 2021.

61. As noted by the examiner in his Reasons for Allowance, it is known in the art that where "magnetic connections that have a largest planar surface" are utilized, one ordinarily would

"have that surface as the connection point for the apparatus so that the strongest magnetic bond is formed." Exhibit B at 17.

62. As discussed above, on information and belief, the claims of the '616 Patent were allowed because they specifically teach away from a device utilizing a magnet wherein the magnet has a largest planar surface as the connection point between the magnet and an external metal surface.

63. If the claims of the '616 Patent are construed as inclusive of an air deflector device having a magnet with a large planar surface that is the connection point, then the '616 Patent is invalid as obvious because it would have been obvious to a person having ordinary skill in the art to utilize such a magnet in such a configuration in combination with existing art.

64. For example, and without limitation, it would have been obvious to a person having ordinary skill in the art to combine a magnet with a large planar surface, using the large planar surface as the connection point between the magnet and an external metal surface, with an existing product such as the Home Intuition Heat and Air Vent Deflector, which is currently sold on Amazon under ASIN B0714QP65Y,[1] and has been publicly available on that platform since at least as early as June 13, 2018.[2] An exemplary product image drawn from the B0714QP65Y listing is reproduced below:

[1] Available at https://www.amazon.com/Home-Intuition-Adjustable-Deflector-Registers/dp/B0714QP65Y?th=1. Last accessed August 26, 2026.
[2] *See* https://keepa.com/#!product/1-B0714QP65Y. Last accessed August 26, 2026.



65. Likewise, it would have been obvious to a person having ordinary skill in the art to combine a magnet with a large planar surface, using the large planar surface as the connection point, with the Frost King Unbreakable Heat and Air Deflector, which is currently listed on Amazon under ASIN B00009W3G7,[3] and has been publicly available under that ASIN since at least as early as March 27, 2012.[4] An exemplary image of the Frost King Unbreakable Heat and Air Deflector is reproduced below:

[3] Available at https://www.amazon.com/Frost-King-Deflector-Unbreakable-Adjustable/dp/B00009W3G7/. Last accessed August 26, 2026.

[4] *See* https://keepa.com/#!product/1-B00009W3G7. Last accessed August 26, 2026.



66. Moreover, under any claim construction required for Defendant's infringement theory, every element of the '616 Patent was disclosed by Chinese Patent No. CN201463188U ("the CN '188 Patent"), rendering the '616 Patent invalid for failure to meet the novelty requirement set forth at 35 U.S.C. § 102. A true and correct copy of the CN '188 Patent is attached hereto as Exhibit D along with a translation of the same.

67. The CN '188 Patent, entitled "Wind scooper structure," was filed in China on June 16, 2009, and was publicly available at least as early as the CN '188 Patent's publication on May 12, 2010. As shown below, the CN '188 Patent discloses an adjustable air deflector that magnetically attaches to an air vent:




图 1

68. As shown in Figures 1 and 2 of the CN ’188 Patent, the CN ’188 Patent discloses an air deflector comprising a first sidewall (Figure 2 below at 5) and a second sidewall (Figure 1 above at 6).




图 2

69. Figure 4 of the CN ’188 Patent, which is reproduced below, depicts a magnet retainer extending from the first sidewall (5), the magnet retainer comprising a first and second retainer walls (8):




图 4

CN ’188 Patent at 8 (Plaintiff’s annotations in blue).

70. Figure 4 of the CN ’188 Patent depicts the structure of the retainer walls (8) and a magnet assembly (A) configured to be positioned between the first and second retainer walls (8), showing that the retainer walls (8) each comprise a ledge (B) configured to directly couple to the magnet assembly (A).

71. To the extent Defendant argues that Plaintiff's Original Products or Plaintiff's Redesigned Products feature a magnet with a largest planar surface opposite an exposed surface, the CN ’188 Patent discloses a magnet assembly (A) having a largest planar surface and an exposed surface opposite the largest planar surface as shown in Figure 4 above.

72. Under Defendant’s claim construction, the CN ’188 Patent inherently, if not explicitly, discloses an air deflector device having a magnet with an exposed surface opposite a

largest planar surface that is configured to form a magnetic bond and face an external surface when the magnet is coupled between the first retainer wall and the second retainer wall.

73. If the ’616 Patent is not rendered invalid as anticipated by the CN ’188 Patent, then it would have been obvious to a person having ordinary skill in the art to combine known elements in the field with the teachings of the CN ’188 Patent, and the ’616 Patent is therefore invalid as obvious.

**COUNT I**
**Declaratory Judgment of Non-Infringement**
***28 U.S.C. § 2201 et seq.***

74. The allegations set forth in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

75. Because Defendant has asserted the ’616 Patent against Plaintiff’s Original Products and reasserted the ’616 Patent against Plaintiff’s Original Products and Plaintiff’s Redesigned Products, thereby facilitating their removal from Amazon.com, an actual case or controversy exists sufficient to support jurisdiction under the Declaratory Judgment Act.

76. Because, for at least the reasons set forth above, Plaintiff’s Original Products and Plaintiff’s Redesigned Products lack certain elements required by each and every claim within the ’616 Patent, Plaintiff’s Original Products and Plaintiff’s Redesigned Products plainly do not infringe.

**COUNT II**
**Declaratory Judgment of Invalidity – Obviousness**
***35 U.S.C. § 103; 28 U.S.C. § 2201 et seq.***

77. The allegations set forth in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

78. For the reasons set forth above, if the scope of the claims of the ’616 Patent is so broad as to encompass Plaintiff’s Original Products and Plaintiff’s Redesigned Products, then the

subject matter of the ’616 Patent would have been obvious to a person having ordinary skill in the art and invalid under 35 U.S.C. § 103.

**COUNT III**
**Declaratory Judgment of Invalidity – Anticipation**
***35 U.S.C. § 102; 28 U.S.C. § 2201 et seq.***

79. The allegations set forth in each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

80. For the reasons set forth above, if Plaintiff’s Original Products and Plaintiff’s Redesigned Products are found to fall within the scope of the claims of the ’616 Patent, then the scope of the ’616 Patent also encompasses the prior art identified by Plaintiff herein that was available as early as May 5, 2010 and is thus invalid under 35 U.S.C. § 102.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to grant the following relief:

a. A declaration that the ’616 Patent is invalid as obvious;

b. A declaration that the ’616 Patent is invalid as anticipated;

c. A declaration that Plaintiff’s Products do not infringe the ’616 Patent;

d. Award Plaintiff a permanent injunction enjoining Defendant from asserting the ’616 Patent against Plaintiff’s Products;

e. Award Plaintiff its reasonable attorney fees if this Court finds that this case is an “exceptional case” under 35 U.S.C. § 285; and

f. Any further relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Dated: September 10, 2026

Respectfully Submitted,

*/s/ A. Justin Poplin*
Allen Justin Poplin (pro hac vice)
**AVEK IP, LLC**
7285 W. 132nd Street, Suite 340
Overland Park, KS 66213
Phone: 913-303-3841
jpoplin@avekip.com
*Attorney for Plaintiff*